Sewall, C. J.,
delivered the opinion of the Court.
To an action of assumpsit upon a promissory note, made payable by the defendants to the plaintiffs, the defendants have pleaded a discharge by or for the plaintiffs; and they aver an au- [ * 44 ] thority by the plaintiffs and other creditors of the * defendants, given in a letter of attorney under seal to N. Goodwin and J. D. Dunbar. This letter of attorney is set forth in hcec verba, but without any profert. [Here the Chief Justice stated the contents of the instrument from the plea ir. bar, and the averments of the defendants in the same plea.] To this plea there is a *47 demurrer and joinder in demurrer; and the want of a proferí oí the letter of attorney is pointed out as a cause of demurrer.
This objection, although to a defect in form only, must prevail against the plea, if the letter of agency is to be considered as an instrument in the power of the defendants. It has been argued that it was inducement only, and that the discharge is the substance of the plea. But in that view it must be regarded as a letter of attorney only, and as containing no contract with the defendants; for if relied on as a contract, on the part of the plaintiffs, made with the defendants, it is the substance of the plea, and for the same reason it must be considered as an instrument in their power to produce; and their neglect to malte a proferí of it renders their plea defective in form, and this in the particular pointed out as a cause of demurrer, (a)
But, without insisting upon this, the plea is substantially defective, because it is no answer to the demand of the plaintiffs. Tire defendants do not show or aver a sufficient bar to the action against them.
If there was a contract to discharge them, upon certain considerations and compliances on their part, which is the most favorable construction for the defendants of the instrument set forth in their plea, the effect of this agreement depended upon the discharge to be given them by the agents. They were made the umpires, if I may so express it, to determine when the defendants had performed the conditions which, would entitle them to a discharge; and the evidence of this was to be a discharge by the agents, for and in behalf of the plaintiffs.
It seems to be well settled that a discharge of any contract after it is broken, [or] of a debt that is due, which is to have * operation by its own validity, without any regard to the [ * 45 ] consideration upon which it was made, must be by a writing under seal. (1) And this seems to be especially requisite when the discharge is to be by an agency authorized by a writing under the seal of the principal. It is in all cases to be pleaded specially how, and in what manner, the discharge was made; as the sufficiency of such an instrument, the purport and effect of it, is a question of law, which the party, whose ■ deed and. contract it is alleged to be, has the privilege of referring to the court. The plea is defective, therefore, substantially, as averring a discharge. (b)
*48 We have considered whether the plea shows an accord and satisfaction,— any thing accepted by the plaintiffs as a satisfaction of their demands. But the plea is, in this view, substantially defective. It seems, indeed, to have been drawn without any reference to that mode of defence. There is no averment of an acceptance by the plaintiffs of the books or notes, or of any dividends from the proceeds collected thereon, as a consideration and payment in full of their demands, or that any thing was paid them. And, indeed, as the acceptance is virtually referred to the agents, and to be proved by their discharge of the defendants, there seems to be no contract averred, which can receive the construction of an accord, and payment pursuant to it. accepted by or for the plaintiffs, as in full of their demands.

Plea in bar adjudged bad.

 The writing set forth was simply a power of attorney to third persons, to the possession whereof the defendants were not entitled. A yrofert, therefore, it would seem, was unnecessary.—1 Chitty) 398, 7th ed. — 1 Saund. 9 and 9a, n. 1. — 1 Ves 394.

 Bull. N. P. 152, cites 2 Lev. 144. — Ca. K. B. 538. — 1 Mod. 259.

 If the discharge were under seal, it might have been pleaded as a release, of *48 given in evidence under the general issue.—1 Chitty, 513. — 3 Chitty, 930, 7th ed. As to what was a defect in matter of form, in this case, which would be cured by a general demurrer, or by a special demurrer if not assigned as a cause of demurrer, and what was matter of substance. — See Heard vs. Baskervill, Hob. 233. — Mansel Dem. 96—99. — Stephen, Plead. 165—167, and the cases there cited