## THE GOVERNOR v. DAILY.

1. A slave may be an agent.
2. A declaration by one to a slave, who had previously been in the habit of managing a boat belonging to his master, "Jim, there's your boat," amounts to a mere designation, or pointing out of the boat to the slave, and disconnected from other facts, did not amount to a delivery of the boat to the slave. Whether it was a delivery, or not, was a question of fact for the jury.
3. A technical release, to make an interested witness competent, must be under seal.

Error to the County Court of Mobile.

D. SMITH, for plaintiff in error.

The witness was interested and incompetent—no release was executed to him.

In an action against stage proprietors for negligence of the driver, driver is not a good witness without a release under seal. 2 Harrington's R. 481. A plea of release would not be sustained by instrument not under seal. 2 Ib. 481; 1 J. J. Marsh. 446; Logan v. Austin, 1 Stew. 476. A release must be under seal. Roscoe's Ev. 82; 4 Term Rep. 589; 13 Johns. Rep. 87; 21 Pick. 101; 3 Stew. 160; 2 Porter, 389; 9 Wend. 336.

A writing with a scrawl annexed, but having no expression in the body of the instrument denoting the intention to make a deed, is not a sealed instrument. Lea v. Atkins, Minor, 187; Adm'r Henderson v. Adm'r Starke, Ib. 421; 4 Ala. 140; 11 Ib. 558.

The charge of the court was not pertinent to the issue— was irrelevant and had a tendency to mislead the jury.

The charge of the court, as an abstract proposition was wrong.

A delivery to a slave, was no delivery—he being on board with a white man, the presumption is, that he was under the control of the white man. If the slave had been alone aboard the boat, that is no evidence that his master wished him always to look after the boat. He might have employed him in other business, or he might have hired him to another man. A man's property cannot be trusted to the custody of his slave without his consent. The expression used was no delivery; saying to the slave "there's your boat," was only telling him what he knew before. The charge was not, if the slave understood it as a delivery, but if the man meant so. A slave cannot be an agent. If a slave can be an agent, his agency must be shown by other evidence than his acts.— Scarborough v. Reynolds, 12 Ala. 252. An officer is bound to use the diligence of a bailee for hire, over property under his control, by virtue of legal process. Bridges v. Perry, 14 Verm. 262; Story on Bailments.

W. G. JONES, contra.

CHILTON, J.—This was an action of debt, on a constable's bond, brought by the plaintiff in error against the de-

fendant. The declaration sets out the bond and condition, and assigns several breaches, among which is one breach a-verring that the defendant, Daily, as constable, by virtue of a writ of seizure, issued by a justice of the peace, upon a complaint in the nature of a libel against a flat boat called the Creole, did sieze upon and take said boat into his posses-sion. That the libel was afterwards dismissed, and the said Daily refused to surrender and deliver up the said boat to Feny, the person for whose use this suit was brought. It appears by a bill of exceptions, that prior to the seizure, the boat had been in the actual possession of a slave of Feny. called Jim, and that at the time it was seized, the boat was in possession of said slave and a white man employed by the owner. That Daily had intrusted the custody of the boat to the libellant, as his bailiff, who, after the discharge of the boat, meeting the slave Jim in sight of the boat, said to him, "Jim, there is your boat." The court charged the jury, that if the boat had been under the management of said slave, and was in his possession at the time of the seizure, a delivery to him was a sufficient delivery to his owner. Further, that if the expression above used was made to the slave by the person in possession of the boat, and was designed by him as a delivery, and an authority to said slave to take posses-sion of the boat, then the expression amounted to a de-livery.

1. It is insisted by the plaintiff in error, that this charge is erroneous as an abstract proposition ; that it was not perti-nent, and was calculated to mislead the jury.

The position taken by the plaintiff's counsel, that a slave cannot be an agent, cannot be maintained. In Chastain v. Bowman, 1 Hill's S. C. Rep. 270, it is held, the master may constitute his slave his agent, and that there is no condition, however degraded, which deprives one of the right to act as a private agent—the master is liable even for the act of his dog, done in obedience to his command. Perhaps there are no persons capable of comprehending an authority, or acting in pursuance thereto, who may not be constituted agents. Thus it is said infants, married women, persons attainted, outlawed, excommunicated, aliens, &c., may be constituted

attornies.    1 Livermore on Ag. 32, 33 ; Co. Lit. 52, a.    Nei-
ther is it necessary, in order to prove the agency, to show an
express delegation of authority, but the agency may be in-
ferred from the nature of the employment.    So in the present
case, if the slave Jim had, as the agent of his owner, control
of the boat, and was in the actual possession at the time of
the seizure, his agency is presumed to continue, and a return
of the boat might well have been made to him.    If, in the
mean time, his owner had assigned him another occupation,
this would be evidence of a revocation of his authority.
But the charge, although correct in this respect, is clearly
wrong when it assumes the equivocal expression, " Jim,
there's your boat," *if designed by the bailiff* as an authority
to the servant to take the boat, amounted to a delivery, whe-
ther so understood by the servant or not.    The expressions
used, amount to a mere pointing out, or designation of the
boat, and disconnected from all other facts, confer no war-
rant on the slave to take possession.    The question whether
there was a delivery, was one of fact, and the jury could
alone judge whether the evidence sufficiently proved it.    As
the intention or design of the bailiff to make a delivery of
the boat was not apparent from the language used, it fol-
lows no delivery was made, unless the servant was apprized
of the design and intention to make it, by the terms em-
ployed.

2. It appears, that upon the trial below, the defendant of-
fered a witness, who was interested by reason of his being
liable over to the defendant, in the event of a recovery a-
gainst him.    Thereupon the defendant executed and deliv-
ered to the witness a writing, not under seal, purporting to
release him from such liability.    The witness was still ob-
jected to, but was allowed to testify, the court holding the
release good.    In Sigourney v. Sibley, 21 Pick. 101, it is
held, a parol release, without payment or satisfaction, is no
extinguishment of the debt.    So an agreement to accept a
less, in payment of a greater sum, is not binding, as wanting
a consideration.    Fitch v. Sutton, 5 East, 230 ; Heathcote
v. Crookshanks, 2 T. Rep. 24.    See also, Shaw v. Pratt, 22

Pick. 305; Smith v. Bartholomew, 1 Metcalfe, 276; Bender v. Sampson, 11 Mass. 42.   In Pennsylvania, it is held, that a mortgage may be released by an instrument not under seal.   See Wentz v. Dehaven, 1 Serg. & R. 312.   This decision is rested upon the authority of Martin v. Mowlin, in 2 Burr. 969, where Ld. Mansfield observes, "whatever will give the money will carry the land along with it.   It will pass by a will not executed with the solemnities required by the statute of frauds.   The assignment of the debt, or *forgiving it*, will draw the land after it as a consequence, *though it be forgiven by parol.*"   Whether such forgiving of the debt, would not be incomplete without a delivery of the land, and subject to the future revocation of the creditor, (3 Eq. Ab. 617,) or, whether this forms an exception to the rule of the common law, "*eodem modo quo oritur, eodem modo dissoluitur,*" 5 Bac. Ab. 682, Release, A,) it is unnecessary for us in the present case to inquire.   All that we need say in this case is, that a *technical* release must be under seal. Ball v. The Bank of the State of Alabama, 8 Ala. Rep. 590; Kennon v. McRae, 2 Porter's Rep. 389; Dillingham v. Estill, 3 Dana's Rep. 21.   That it is an executed contract, and if not under seal, nor founded upon a sufficient consideration, so as to operate as a discharge of the demand, it does not extinguish it, and consequently the interest of the witness still subsisting, he was incompetent to testify.

The record no where shows, that the court overruled the demurrer to the third plea, and hence this assignment of error is not sustained.   We must intend that the demurrer to said plea was abandoned.

Judgment reversed and cause remanded.